This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**April 8, 2019**

**NO. S-1-SC-37561**

**INQUIRY CONCERNING A JUDGE**
**JSC Inquiry No. 2018-031**

**IN THE MATTER OF**
**HON. STEVE GUTHRIE**
**Otero County Magistrate Court**

**ORDER AND PUBLIC CENSURE**

WHEREAS, this matter came on for consideration by the Court upon a petition to accept a stipulation agreement and consent to discipline between the Judicial Standards Commission and Respondent, Hon. Steve Guthrie.;

WHERAS, in the stipulation agreement, Respondent admits to the following acts:

(1)     Respondent and his wife, Kim Guthrie, were next door neighbors with Leticia Coyazo and Ysidro "Chico" Coyazo for many years. In Judge Guthrie's opinion, the conflict emanated from the Coyazo grandchildren's bouncing basketballs on the public sidewalk outside the Coyazo home. In the Coyazos' opinion, the conflict began when Judge Guthrie parked his vehicle in front of the Coyazo home to prevent the Coyazos' grandchildren from playing basketball. The dispute surfaced episodically and resulted in the Coyazos filing several police reports, and resulted in the Guthries' decision to permanently move from their residence in October 2018;

(2)     On October 13, 2017 and April 20, 2018, Respondent parked his personal vehicle in front of his next door neighbor Leticia Coyazo's home to prevent Ms. Coyazo's grandchildren from playing basketball;

(3)     On November 15, 2017, Respondent told Leticia Coyazo words to the effect, "If I hear the basketball bounce one more time I am going after Chico's disability." Ysidro "Chico" Coyazo is Leticia Coyazo's husband and a disabled veteran who receives a monthly disability check. Ms. Coyazo considered this a threat and called the Alamogordo Police Department. Alamogordo Police Officer Mauricio Puente responded to the call. Respondent was interviewed and told Officer Puente, "what he meant about going after Ms. Coyazos [sic] retirement was that he was

going to report her husband to the authority [sic] because her husband was doing things he is not supposed to be doing while on retirement/disability.";

(4) On April 20, 2018, Respondent parked his vehicle in front of Leticia Coyazo's home, eleven (11) feet away from a fire hydrant in violation of Alamogordo City Ordinance 12-6-1.1 which requires vehicles to be parked fifteen (15) feet away from a fire hydrant. Alamogordo Police Officer Edgar Soto was dispatched to the Coyazo home, measured the distance between the truck bumper and the fire hydrant which was only eleven (11) feet, and ran the license plate of the vehicle which returned as registered to Respondent. Officer Soto instructed Respondent to move his vehicle and Respondent complied;

(5) On July 6, 2018, Leticia Coyazo called police officers to file a complaint against Respondent's wife, Kim Guthrie, for spraying water at Ms. Coyazo's video surveillance cameras. While Alamogordo Police Officer Marcelino Esquero was conducting his investigation, he witnessed Respondent mimicking playing a violin and heard Respondent state, "Its [sic] against the law to water on Fridays [sic].";

(6) A sign was posted on the Guthrie home which read, "All cameras are fake do you think I would spend money to watch you LOL $$$$ LOL." Leticia Coyazo believes the Guthries' sign was in response to Ms. Coyazo's installation of video surveillance cameras outside her home, and subsequent to the Guthries' installation of video surveillance cameras outside their home; and

(7) Respondent met with Acting Alamogordo Police Chief Roger Schoolcraft at the Alamogordo Police Station, explained his issue with the Coyazos' grandchildren and told Chief Schoolcraft words to the effect that "police officers are not doing enough about the noise.";

WHEREAS, in the stipulation agreement, Respondent does not contest that the Commission has sufficient facts and evidence to prove by clear and convincing evidence that he engaged in willful misconduct by committing the acts enumerated above, and that he violated the Code of Judicial Conduct Rules 21-101 and 21-102 NMRA;

WHEREAS, the stipulation agreement provides that Respondent consents to the imposition of a public censure as discipline and to its publication in the New Mexico *Bar Bulletin*; and

WHEREAS, in light of the foregoing, and the Court having determined that acceptance of the stipulation agreement and consent to discipline is in the best interests of the judiciary and the public and being sufficiently advised, Chief Justice Judith K. Nakamura, Justice Barbara J. Vigil, Justice Michael E. Vigil, Justice C. Shannon Bacon, and Justice David K. Thomson concurring;

NOW, THEREFORE, IT IS ORDERED that the petition is GRANTED and this PUBLIC CENSURE is issued to Respondent, Hon. Steve Guthrie.; and

IT IS FURTHER ORDER that this matter is UNSEALED under Rule 27-104(B) NMRA.

IT IS SO ORDERED.



WITNESS, the Honorable Judith K. Nakamura, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 8th day of April, 2019.

Joey D. Moya, Chief Clerk of the Supreme Court
of the State of New Mexico